UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID WILGUS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO:3:12-cv-86 WCL |
| ) | |
| HARTZ MOUNTAIN ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On March 12, 2012, Hartz Mountain Corporation and Walmart Stores, Inc., filed a motion for transfer this case to the District of New Jersey. On May 4, 2012, Plaintiffs, David Wilgus and Angela Myers, individually and on behalf of all others similarly situated, filed a response. On May 14, 2012, the Defendants filed a reply. For the following reasons, the Court **DENIES** the Defendant's motion to transfer.

**I.   RELEVANT BACKGROUND**

The Plaintiffs have brought forth a putative class action on behalf of two named plaintiffs, David Wilgus and Angela Myers and (1) all persons in the State of Indiana who purchased the Hartz flea and tick product manufactured or marketed by Hartz Mountain Corporation ("Hartz") containing Pyrethrin or Pyrethrin derivatives and (2) all persons in the State of Indiana who purchased the flea and tick product manufactured by Defendant Hartz containing Pyrethrin or Pyrethrin derivatives at Wal-Mart Stores, Inc. ("Wal-Mart"). Hartz is a Delaware Corporation with its principle place of business in New Jersey. Wal-Mart is a Delaware Corporation with its principle place of business in Arkansas. Wal-Mart owns and operates shopping centers within New Jersey.

The Complaint alleges that Plaintiffs purchased, from Wal-Mart, flea and tick control products manufactured by Hartz and that, after applying the product to their dogs, the dogs became sick and/or died.  The Plaintiffs are suing the Defendants for: (1) Breach of Implied Warranty of Merchantability - Ind. Code § 26-1-2-314; (2) Breach of Express Warranty; (3) Unjust Enrichment - on behalf of the Defendant Wal-Mart class; (4) Strict Products Liability - Ind. Code § 34-20-2-1, *et seq.*; (5) Negligence; (6) Violation of the Indiana Consumer Fraud Act - Ind. Code § 24-5-0.5, *et seq.*; and (7) Punitive Damages.

This action was removed from the Circuit Court for LaPorte County, which is located in the Northern District of Indiana.  The Defendants argue that transfer to the District of New Jersey would be in the interests of justice and of greater convenience for the parties and witnesses because five similar flea and tick product class actions are already pending in New Jersey Federal Court.

Currently pending are two dispositive motions. The Defendants have filed a motion to dismiss for failure to state a claim and the Plaintiffs have filed a motion to remand.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a federal district court, in which an action is brought in proper venue, may transfer any civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the name of justice. Venue must be proper in both courts, and the fact that a case has been removed to federal district court does not affect the court's ability to transfer it under Section 1404. *Travel Supreme Inc. v. NVER Enters., Inc.*, No. 3:07cv194 PPS, 2007 U.S. Dist. LEXIS 75482 at *22-23 (N.D. Ind. 2007) (citations omitted).

Analysis under 1404 involves separate inquiries into (1) the convenience of parties and witnesses, and (2) the interest of justice. *Research Automation Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on the movant to show that transfer is warranted. *Piggee v. Columbia Sussex Corp.*, No. 2:08-CV-107-PPS-PRC, 2009 U.S. Dist. LEXIS 14889 at *4 (N.D. Ind. 2009). However, because the analysis is "flexible and individualized," district courts have considerable discretion in deciding whether transfer is appropriate. *Research Automation*, 626 F.3d at 978. (*citing Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (U.S. 1988)).

### A. Jurisdiction and Venue in the Northern District of Indiana

The Plaintiffs argue that jurisdiction is improper in the Northern District of Indiana because the amount in controversy is less then $5 million. The Plaintiffs contend that the Defendants have redefined the Plaintiffs' class to include Indiana retailers as a means of reaching the $5 million dollar amount in controversy benchmark.

Although the Court has not yet addressed the issue of jurisdiction, the undersigned will assume jurisdiction without determining whether it exists. Thus, assuming jurisdiction, venue would be proper because this action was removed from the Circuit Court for LaPorte County, which is located in the Northern District of Indiana. 28 U.S.C. § 1441 provides that, unless otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (2006). Therefore, venue of this action is proper in the Northern District of Indiana.

### B. Jurisdiction and venue are proper in the District of New Jersey

28 U.S.C. § 1391(b)(1) provides that venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. For venue purposes, a defendant is deemed to reside in the judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2) (2006). The Defendants in this action are both subject to jurisdiction in New Jersey and therefore deemed to reside in the judicial district of New Jersey. Hartz's is a Delaware corporation with its principle place of business is in the State of New Jersey. This is sufficient to establish personal jurisdiction in the State of New Jersey. *Equipmentfacts, LLC v. Yoder & Frey Auctioneers, Inc.*, No. 11-4582 (MLC), 2011 WL 5040713, at *5 (D.N.J. Oct. 24, 2011). Wal-Mart is a Delaware corporation with its principle place of business in Arkansas. However, Wal-Mart owns stores and conducts continuous and systematic business in the State of New Jersey that is sufficient to establish general jurisdiction in the State of New Jersey. *Granovsky v. Pfizer Inc.*, 631 F. Supp. 2d 554, 561-562 (D.N.J. 2009).

Subject matter jurisdiction has not been determined, but the Court will assume it for this motion.

### C. Analysis of the 1404 factors demonstrates that transfer is inappropriate

Assuming federal jurisdiction exists and that venue is appropriate in either this district or the District of New Jersey, the Court will now analyze the appropriate factors and explain why transfer is inappropriate. In evaluating convenience, courts generally consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties. *Schumacher v.*

*Principle Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009).

### 1. Plaintiff's choice of forum

When considering the factors of convenience, it is a general rule that a plaintiff's choice of forum is given considerable deference. *Northeast Maritime Institute, Inc.*, 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008). The Plaintiffs' have chosen this forum because they reside in this district, the product at issue was purchased in this district, their animals suffered injury and death in this district, they suffered pecuniary harm in this district, and the veterinarians who treated the pets (to be called as expert witnesses) also reside in this district. It is Plaintiff's argument that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. In some cases, where a class action is involved, courts have been more willing to transfer cases where consideration of the factors outlined above weighs in favor of the transfer. *Goehl v. Mellon Bank*, 1993 U.S. Dist. LEXIS 5339 (E.D. Pa. Apr. 23, 1993). Here, the Court is not persuaded that the exception to the rule should apply to disrupt Plaintiffs' chosen forum, especially to transfer the matter out-of-state, thereby increasing cost and inconvenience.

### 2. Situs of material events

Indiana is the situs of material events because this is where the flea and tick products were purchased, the Plaintiffs suffered injury, and the Plaintiffs consulted veterinarians who will be witnesses.

### 3. Relative ease of access to sources of proof

Indiana provides the most ease to access of sources of proof. Plaintiffs suffered their damages in Indiana, contacted Indiana veterinarians, and bought the defective flea and tick medicine in Indiana. Furthermore, both Defendants operate significant business within Indiana

and have major resources at their disposal within the state. As a result, this factor weighs against transfer.

### 4. Convenience of the parties

This factor involves the consideration of the parties' respective residencies and their abilities to bear the expense of trial in a particular forum. *College Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). The Plaintiffs also argue that the Defendant's are national in scope and will have little difficulty litigating in Indiana whereas the Plaintiffs are individuals of limited means who likely will be confronted with considerable expenses if this litigation is transferred to the District of New Jersey. The Court agrees, and this factor weighs in the favor of transfer.

### 5. Convenience of the witnesses

Most of the witnesses in this matter are found in Indiana, including the Plaintiffs, their veterinarians, and damages experts. As a result, this factor weighs against transfer.

### D. Interest of Justice

An assessment of the interest of justice focuses on the efficient administration of the court. Research *Automation Inc.,* 626 F.3d at 978. Factors that are relevant to this analysis include: (1) the speediness of trial in either jurisdiction; (2) each court's familiarity with the relevant law; and (3) each locations's relationship to the controversy. *Id*.

### 1. Speediness of trial

The Plaintiffs in this action argue that the number of cases pending over three years in the District of Northern Indiana is small (83) in comparison to the District of New Jersey (328). Doc. No. 27 at 12. However, the Defendants argue that the greater number of judges in the District of

New Jersey (5,911 pending cases being handled by 24 judges) when compared to Indiana (1,657 pending cases being handled by 8 judges) provides for a estimated duration that is shorter in New Jersey despite the higher case ratio for the judges in New Jersey. Doc. No. 15 at 12. Also, the Defendants have shown that during the twelve month period ending March 31, 2011, the median time from filing to disposition of civil cases was 6.2 months in the District of New jersey and 10.3 months in the Northern District of Indiana. *Id.* The differences between the average speed of disposition is slight and the Court finds that this factor is not enough to transfer the matter.

### 2. Court's familiarity with applicable law

While this case is very similar to the pending flea and tick product cases before the District of New Jersey, this action includes Indiana statutory claims that are not currently being asserted in the New Jersey Actions. For this reason, this factor weighs against transfer.

### 3. Relationship to controversy

Indiana has a strong state interest in affording the protections of justice to its consumers, despite New Jersey being home to Hartz and the forum of significant amounts of litigation concerning flea and tick products. The Plaintiffs are Indiana residents and the applicable law is from Indiana. As a result, Indiana courts have a stronger relationship to the controversy.

### III. CONCLUSION

Although the Court has assumed jurisdiction and venue are proper in both the Northern District of Indiana and the District of New Jersey, because the situs of material events, convenience of the parties and witnesses, and interests of justice are best served by remaining in Indiana, the Defendants' Motion to Transfer is **DENIED** [Doc. No. 14].

**IT IS SO ORDERED**

Dated this 26th day of June, 2012.

                                                        S/Christopher A. Nuechterlein
                                                        Christopher A. Nuechterlein
                                                        United States Magistrate Judge